UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, et al.

           Plaintiffs,

v.

AMERICAN EXPRESS COMPANY, et al.

           Defendants

**Civ. No.: 10-cv-4496 (NGG)(RER)**

---

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

       In order to protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c)(1):

I.      **Materials Which May Be Designated Confidential or Highly Confidential**

     1.     Any documents, data, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in response to discovery requests in this litigation, including, but not limited to, (1) any such material initially produced to any Plaintiff by any party or non-party, either voluntarily or in response to a Civil Investigative Demand, in connection with any Plaintiff's pre-complaint investigation; and/or (2) any such material initially produced in any other litigation (hereinafter, collectively, "Discovery Material"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" under this Protective Order.

1

2.       "Confidential Information" shall include any Discovery Material which the

producing party or non-party reasonably believes not to be in the public domain and contains any

trade secret or other confidential, strategic, research, development, commercial information, or

protected personal information (e.g. social security numbers, credit card numbers, etc.).  To

facilitate prompt responses to discovery, unless stated otherwise by the producing party or non-

party, all Discovery Material produced by each party or non-party in the course of the litigation

including deposition testimony and responses to interrogatories or requests for admission shall

presumptively be considered and treated as Confidential Information under the terms of this

Order during the discovery period.  This presumption of Confidential Information during pretrial

discovery shall be without prejudice to, and shall be inapplicable to, the rights of any party to

argue that (a) Discovery Material is not entitled to protection as Confidential Information, and

(b) all or part of the pleadings filed in this action and the trial of this action, including the

evidence admitted at trial, should be open to the public.

3.       "Highly Confidential Information" shall include any Confidential Information

which the producing party or non-party reasonably believes to be so competitively sensitive that

it is entitled to extraordinary protections.

4.       Any copies or reproductions, excerpts, summaries, or other documents or media

that paraphrase, excerpt, contain or otherwise reveal the substance of (other than in general

terms) Confidential Information or Highly Confidential Information shall also be treated as

Confidential information or Highly Confidential Information pursuant to this Order.

II.       **Designation of Discovery Materials as Confidential or Highly Confidential**

5.       Any Discovery Materials that are to be designated "Confidential" or "Highly

Confidential" may be so designated by the producing party or non-party by: (a) furnishing a

2

separate written notice to counsel for the party receiving such Discovery Materials at the time of their production or as soon thereafter as practicable specifically identifying the Discovery Materials as "Confidential," or "Highly Confidential" and promptly thereafter providing copies (bearing the same bates numbers as the original copies) of any such Discovery Materials bearing such designation(s); or (b) providing copies of the Discovery Materials so designated that are stamped with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Discovery Material stamped or designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL  - SUBJECT TO PROTECTIVE ORDER," including those produced, stamped or similarly designated in prior litigation or investigations and made available in this action, shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order.   However, any material initially designated as Confidential or Highly Confidential in prior litigation, which subsequently lost its designation pursuant to a court order, or was publicly filed in the prior litigation, shall be treated in this action consistent with its final status in the prior litigation. To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order. To the extent that duplicate copies of documents or transcripts have been produced with inconsistent confidentiality designations, the highest level on any such copy shall apply to all such copies.

6.     If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure

shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

7.     Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate. At such time, arrangements shall be made for the return to the producing party or non-party of all copies of the inadvertently misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents. All previously-produced copies of such documents that were inadvertently misdesignated shall be destroyed by the receiving party or parties upon receipt of replacement copies of such documents with the proper designation.

8.     Inadvertent production of any document in this litigation in response to discovery requests, subpoenas, or any agreement by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

(a)   A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an

4

Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall, within five (5) business days, destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document, provided, however, that the receiving party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph.

(b)  No party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a party from arguing based on the underlying fact and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a

waiver, except that, to the extent previously-produced documents were inadvertently produced and retracted in any prior litigation, the inadvertent reproduction of such documents in this case shall not be deemed a waiver of privilege.

(c)  If the recall of a document involves redaction of the inadvertently produced document, the redacted version of the document shall be provided within ten (10) business days together with a privilege log that includes the information required by Local Civil Rule 26.2 and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

(d)  If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the producing party's counsel, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary. Nothing in this shall prohibit the ability of examining counsel to *voir dire* a deponent about the matters set forth in Local Civil Rule 26.2 concerning the document.

(e)  If a party's expert report or expert testimony relies on a document which another party identifies as Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Protective Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

9.     The parties shall serve a copy of this Order simultaneously with any discovery request made to or subpoena served on any non-party in this action. Within ten (10) business days after the Court's entry of this Order, each Plaintiff shall provide a copy of this Order to any person or entity (a "Protected Person") that produced documents, material or information ("Investigation Materials") to that Plaintiff (the "Investigating Plaintiff"), either voluntarily or under compulsory process, during any Plaintiff's pre-complaint investigation of Defendants concerning the subject matter of this litigation.  Within twenty (20) business days after receipt of this Order, any Protected Person or its counsel may designate as Confidential or Highly

7

Confidential, in compliance with this Order, any part or all of its Investigation Materials that were provided to any Investigating Plaintiff.  Such designations constitute a representation to the Court that such Protected Person believes, in good faith, that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Order.  For Investigation Materials previously marked by the Protected Person as "Confidential" or "Highly Confidential" at the time of production to the Investigating Plaintiff, the Protected Person may make a designation under this Order by providing written notice to the Investigating Plaintiff that the Investigation Materials shall be designated with the same confidentiality level marked upon the documents, as those terms are defined by this Order.  A prior label of "Confidential Treatment Requested" shall be treated as a label of "Confidential—Subject to Protective Order" under this Order if such Investigation Materials are designated as Confidential by the Protected Person's written notice pursuant to this Paragraph.  If the Protected Person elects to designate any Investigation Materials with a confidentiality level that differs from the way they were marked at the time of production to the Investigating Plaintiff, such re-designation shall be made by delivering to the Investigating Plaintiff a replacement copy of the Investigation Materials that is identical to the previously produced version except for the confidentiality label.  If a Protected Person determines that this Order does not adequately protect its Investigation Materials, it may, within twenty (20) business days after receipt of a copy of this Order, seek additional relief from the Court.  If a Protected Person seeks additional relief from the Court, or otherwise objects to the requirements of this Order, the Investigation Materials for which additional protection has been sought shall not be provided to other Parties until the Court has ruled.  All Investigation Materials provided by Protected Persons that are not designated by the Protected Person as Highly Confidential or Confidential pursuant to this Order (unless the Protected Person has

requested additional relief from the Court pursuant to this paragraph) will not be treated as Confidential under this Order, despite any prior designation of confidentiality.  If Investigation Materials are requested from a Plaintiff in discovery, that Plaintiff shall produce such materials (subject to any objections permitted by law) only after the expiration of the time limits specified in this paragraph for providing notice to Protected Persons and an opportunity for Protected Persons to make confidentiality designations for their Investigation Materials, or to seek additional relief from the Court, as specified in this paragraph.  If applicable state statutes require additional business days following a Protected Person's receipt of a copy of this Order before a Plaintiff State is permitted to provide the Protected Person's Investigation Materials to other Parties, such Plaintiff State shall comply with that state's statutory time frame as soon as feasible.

10.     Deposition testimony and the transcripts and video recordings thereof obtained during pretrial discovery shall be treated as Highly Confidential for a period of 40 days (or for as many days as the parties shall agree), after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any party or counsel to any party, to designate such material as Confidential or Highly Confidential.  Confidential or Highly Confidential Information shall be designated by page and line number, and video cassettes, DVDs or other storage media shall be labeled in accordance with the provisions of this Order. Transcripts or parts of transcripts not designated as Highly Confidential or to contain Highly Confidential Information, or designated as Confidential or to contain Confidential Information, shall be deemed neither Confidential nor Highly Confidential, unless and until any portion of the testimony is re-designated by the Court or by the deponent or counsel for that deponent. The court reporter shall include on the cover page of each volume of each deposition a

clear indication of whether the deposition contains Confidential or Highly Confidential

Information. Any document designated as Confidential or Highly Confidential that is marked as

an exhibit in any deposition shall be treated according to the designation of that document prior

to the deposition. Notwithstanding the foregoing, nothing in this paragraph affects the

confidentiality designation of those deposition transcripts described in paragraph 5 herein.

       III.     <u>**Permissible Uses of Discovery Material**</u>

       11.     All persons obtaining access to Discovery Material produced in connection with

this action shall use such Discovery Material only for the purpose of this litigation and not for

any other purpose, except as provided in Paragraph 27. Any person found to have made an

impermissible use of any Discovery Material may be subject to, without limitation, appropriate

civil penalties including for contempt of court. Nothing in this Order shall limit or restrict a

Party's rights, if any, to use its own Discovery Material or any information obtained independent

of discovery in this action in any manner that the party deems appropriate.

       12.     Nothing herein shall impose any restrictions on the use or disclosure by a party or

witness of documents, material or information obtained by such party or witness independently

of the discovery proceedings in this action, whether or not such documents, material or

information are also obtained through discovery proceedings in this action. In addition, nothing

herein shall alter or affect any restriction on the use or disclosure by a party or witness of

documents, material or information obtained by such party or witness subject to any order of any

other court in any other proceeding or subject to any contractual, statutory or other obligation.

       13.     Confidential Information may be disclosed only to the following persons:

       (a)     The Court;

(b)     Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel.  For purposes of this Protective Order, counsel for the United States Department of Justice and for the Attorney General of each Plaintiff State and their associated personnel shall have the same rights as outside counsel;

(c)     Consultants, experts or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action, provided that they are not presently, and have no present plans to become, an employee or consultant (except herein) of any other party to this action.  Further, in the event a party wishes to disclose Confidential Information to a consultant or expert that is employed by, a consultant (except herein) of, or who has a present plan to become an employee or consultant of, any participant in the payment services industry (excluding economists, IT consultants, accountants, behavioral psychologists, statisticians, and attorneys, whose primary role in the industry is testifying or consulting in legal and regulatory proceedings) (an "Industry Participant"), then such party (the "Notifying Party") shall notify the party that produced such Confidential Information (the "Producing Party"), and provide ten (10) business days written notice during which the Producing Party may seek an Order from the Court precluding such disclosure. The Notifying Party shall not disclose any such Confidential Information to an Industry Participant absent either a ruling from the Court rejecting the challenge of a Producing Party or the passage of ten (10) business days without written notice from the Producing Party that it is seeking an order from the Court precluding disclosure;

11

(d)     Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other person involved in taking or transcribing or videotaping of testimony in this action, and principals and employees of the firm with which any consultant or expert as defined in paragraph (c) is associated;

(e)     Any other person as to whom the party or non-party producing the Confidential Information has consented to disclosure in advance and in writing, on notice to each party hereto; and

(f)     In-house counsel, legal assistants, and other legal staff for each of the parties.

14.     Highly Confidential Information may be disclosed only to any persons falling within categories (a) through (e) in paragraph 13 above.

15.     Notwithstanding the provisions in paragraphs 13 and 14 above, Confidential and Highly Confidential Information may be disclosed, at deposition or otherwise, to any employee of the party or non-party producing such information or to any author or recipient of the Confidential or Highly Confidential Information unless a different result is agreed to by counsel for the parties. Provided, however, (1) that counsel for the Plaintiffs shall confer with counsel for American Express regarding any limitations on the nature or types of American Express documents that may not be shown to American Express employees working in certain departments or divisions of American Express; and (2) that counsel for American Express shall raise with counsel for plaintiffs any objections they have to disclosure of any American Express

documents to an American Express witness three (3) business days in advance of the deposition of any such witness, absent good cause.

16.     Counsel for a party may disclose Confidential or Highly Confidential Information to any actual or potential witness provided counsel has obtained prior written consent of counsel for the party or non-party who produced such information. Such consent shall not be unreasonably withheld. Notwithstanding the provisions in paragraphs 13 and 14 above, consent need not be obtained if (i) the person is an author or recipient of the Confidential or Highly Confidential Information; or (ii) the person is a former employee of the producing party or non-party and is known to have prior knowledge of the specific document containing the Confidential or Highly Confidential Information to be disclosed; or (iii) the person is a former employee of the producing party or non-party and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed. Information may not be disclosed under clause (iii) if the person is a current employee or consultant (excluding those retained exclusively for the purposes of this litigation and covered by Paragraph 13(c)) or reasonably expected to be a future employee or consultant (excluding those retained exclusively for the purposes of this litigation and covered by Paragraph 13(c)) of any other named party to this action or any competitor of any party to this action.

17.     Persons described in paragraph 13(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 13(c) (and associated personnel) or any person described in paragraph 16 must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may

only be used as specified in this Order; (ii) provide the recipient with a copy of this Order; and

(iii) have that person execute a confidentiality agreement stating the following:

"I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Protective Order of [date entered] in [this action] (the "Order"). I have been given a copy of and have read this Order and agree to be bound by its terms."

IV. **Challenges to Confidential or Highly Confidential Designations**

18.     If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential within the definition(s) of those term(s) set forth above. Discovery Material shall not be entitled to a Confidential or Highly Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. Nothing in this order precludes any party from challenging a confidentiality designation on any other ground.

19.     Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect trade secrets or any other type of confidential, proprietary or

commercially-sensitive information; or (b) prejudice in any way the right of a party at any time to: (i) seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) object to any discovery request, including the right to assert that no discovery should be had of or relating to certain documents or information; (iv) seek a higher level of protection than provided for by this Order if the party believes that circumstances warrant that higher level of protection; (v) seek documents or other information from any source; or (vi) seek more flexible procedures at trial for the introduction and use of evidence or information designated pursuant to this Order. In any instance where a producing party or non-party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of their redesignation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

V.     **Deposition Procedures**

20.     At any deposition, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals specified in paragraphs 13 and 14 hereof who have access to the appropriate category of information, leave the deposition room during the Confidential or Highly Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute

15

substantial justification for counsel to advise the witness that he or she need not answer the question pending.

21.     Any deposition testimony concerning a Confidential or Highly Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or videotape.

VI.     **Efforts by Non-Parties to Obtain Confidential Information**

22.     If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall notify the producing party or non-party no later than seven days following receipt of the subpoena (but in no event later than seven days prior to the date set in the subpoena for the production of such subpoenaed information), including in such notice the date set in any subpoena or other compulsory process for the production of such subpoenaed information and a copy of the subpoena, so that the producing party may file a motion for protective order or to quash the subpoena. The subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to such subpoena or other compulsory process without the prior written consent of the producing party or non-party unless in response to an order of a court or an administrative tribunal of competent jurisdiction.

23.     The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or other proceeding commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

VII.    **Filing Under Seal**

24.    All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a)    Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in a sealed envelope on which it shall be endorsed with the title to this action, the words "FILED UNDER SEAL" and a statement substantially in the following form:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons authorized to have access to such information pursuant to paragraph 13 or 14, as applicable, which person(s) shall return the information to the Clerk in a sealed envelope.

Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between or among the parties, the above message shall be placed in the electronic mail message by which such documents are transmitted or on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet for the facsimile by which such documents are transmitted. A full and unredacted copy of any such submission may be provided directly to the Court's chambers, marked "Chambers Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order."

(b)    As soon as practicable, but in no event after ten (10) business days from the filing of paper copies of the submitted materials under seal, the submitting party shall electronically

file with the Court, for its public file, a copy of the submitted materials with the Confidential

Information and/or Highly Confidential Information redacted.

(c)     If any party objects to identified portions of the materials remaining under seal, it

shall, within ten business days after submission of such materials to the Court, state its objections

in a letter sent by facsimile or electronic mail to counsel for all parties in this action. The

interested parties shall promptly meet and confer to attempt to resolve those objections and, if

such objections cannot be resolved, the party asserting such objections shall promptly tender

those objections to the Court for resolution. The revised public filing, if any, of that submission

shall be made by the submitting party within ten business days after the Court's decision

resolving that dispute.

### VIII.   Use of Confidential or Highly Confidential Information at Trial

25.     In the event that any Confidential Information or Highly Confidential Information

is used in any pre-trial court hearing or proceeding in this action, and there is any dispute as to

whether such material continues to be Confidential or Highly Confidential, the parties will meet

and confer in an effort to resolve such dispute.  If the Discovery Material at issue was produced

by a non-party, and/or designated by a non-party pursuant to Paragraph 9 of this Order, the

parties shall give such non-party 10 business day's written notice and an opportunity to

participate in the meet and confer.

26.     The parties shall confer and attempt to agree, before any trial or other hearing, on

the procedures under which Confidential or Highly Confidential Information may be introduced

into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties

shall give notice of the terms of such agreement to each non-party producing any Confidential or

Highly Confidential Information which may be used or introduced at such trial or hearing.

Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential or Highly Confidential Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information. If the dispute cannot be resolved by agreement, the producing party or non-party bears the burden of proving the Discovery Materials at issue are Confidential or Highly Confidential within the definition(s) of those term(s) set forth above.  The parties shall provide non-parties with notice of potential use at trial of any Confidential or Highly Confidential Information produced by such non-parties if and when any such materials are listed as potential exhibits in the required filings prior to commencement of trial. The parties shall give notice as soon as practicable after Confidential or Highly Confidential Information which is not listed on the exhibit list is determined to be likely to be used by counsel for a party in the course of examination or cross-examination at trial.

### IX.   **Other Permitted Disclosures**

27.    Despite the provisions of this Order, nothing in this Order prevents the United States or any Plaintiff State from disclosing Confidential Information or Highly Confidential Information in this Action: (i) to duly authorized representatives of the Executive Branch of the United States Government or the Plaintiff State for law-enforcement purposes; (ii) for the purpose of securing compliance with any Final Judgment in this action; or (iii) for other law-enforcement purposes or as otherwise permitted or required by law, court order or regulation. Nothing in this Paragraph shall restrict the rights of Plaintiffs to use and disclose Investigation Materials outside the context of this litigation to the extent permitted by applicable law or regulation governing such pre-complaint discovery.  Except when used for law-enforcement purposes or where prohibited by law, court order or regulation, the United States or Plaintiff State shall inform the producing party or non-party who designated the material as Confidential

or Highly Confidential Information at least ten (10) business days before disclosure is made if the United States or Plaintiff State intends to make disclosure pursuant to this Paragraph. When disclosing Confidential or Highly Confidential information as authorized by this Paragraph, the United States or Plaintiff State shall seek to preserve confidentiality beyond the authorized disclosure.

X.    **Procedures upon Termination of Action**

28.    Within ninety (90) days after termination of this Action (including the resolution of all appeals, if any, or running of any applicable time to appeal the final judgment entered in this litigation), the parties shall meet and confer on a Stipulation and Proposed Amendment to this Order addressing the disposition and retention of Confidential or Highly Confidential Information after the conclusion of the litigation.  If agreement cannot be reached, the parties will submit the dispute to the Court for resolution.  Nothing in this Paragraph restricts the rights of the Plaintiffs to retain and disclose Confidential or Highly Confidential Information for law-enforcement purposes or as otherwise required by law, court order or regulation as specified in Paragraph 27.

XI.    **Miscellaneous**

29.    This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure. Further, this Order shall not prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, testimony, or other evidence.

Case 1:10-cv-04496-NGG-RER   Document 100-2   Filed 04/04/11   Page 21 of 29 PageID #: 1234

30.     Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

31.     The parties agree to be bound by the terms of this Order pending the entry of this Order by the Court and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

32.     The provisions of this Order shall become effective upon entry by the Court; however, all material produced and designated as Confidential or Highly Confidential pursuant to this Order prior to the entry of this Order by the Court shall be subject to, and governed by, its provisions as though entered by the Court prior to such designation.

33.     In the event additional parties join or are joined in this action, they shall not have access to Discovery Material until such newly joined party or its counsel on its behalf has executed and filed with the Court its agreement to be fully bound by this Order. Upon filing such agreement with the Court, such newly joined party shall be treated as a "party" as that term is used herein and shall be entitled to the same rights and subject to the same restrictions as may be imposed herein on any of the parties to this action.

XII.    **Right To Seek Modification**

34.     Nothing in this Order prevents any party or non-party from seeking modification of this Order upon motion made pursuant to the Rules of this Court.

21

**FOR DEFENDANTS AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.**

s/Donald L. Flexner
DONALD L. FLEXNER
PHILIP C. KOROLOGOS
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022

s/Evan R. Chesler
EVAN R. CHESLER
KEVIN J. ORSINI
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019

**FOR PLAINTIFF**
**THE UNITED STATES OF AMERICA**

s/Craig W. Conrath
CRAIG W. CONRATH
MARK H. HAMER
Attorney for the United States of America
U.S. Department of Justice
Antitrust Division, Litigation III Section
450 Fifth Street, N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 307-0468

**STATE OF ARIZONA**
Terry Goddard
Attorney General

s/Nancy M. Bonnell
Nancy M. Bonnell (AZ Bar# 016382)
Antitrust Unit Chief
Consumer Protection and Advocacy Section
Office of the Arizona Attorney General
1275 West Washington
Phoenix, Arizona 85007
Telephone: (602) 542-7728
Fax: (602) 542-9088

**STATE OF CONNECTICUT**
Richard Blumenthal
Attorney General

<u>s/Michael E. Cole</u>
Michael E. Cole
     Chief, Antitrust Department
Rachel O. Davis
Assistant Attorneys General
Antitrust Department
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5040
Fax: (860) 808-5033

**ATTORNEY GENERAL OF THE
STATE OF HAWAII**
David M. Louie
Attorney General of Hawaii

<u>s/Rodney I. Kimura</u>
Deborah Day Emerson
Rodney I. Kimura
Deputy Attorneys General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii 96813
(808) 586-1180
(808) 586-1205 (fax)

**LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO**

<u>s/Brett T. DeLange</u>
Brett T. DeLange (ISB No. 3628)
Deputy Attorney General
Consumer Protection Division
Office of the Attorney General
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:    (208) 334-4114
FAX:        (208) 334-4151
brett.delange@ag.idaho.gov

**ATTORNEY GENERAL OF THE**
**STATE OF ILLINOIS**
Lisa Madigan
Attorney General of Illinois

s/Robert W. Pratt
Robert W. Pratt
Chief, Antitrust Bureau
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-3722
(312) 814-4209 (fax)

**STATE OF IOWA**
Thomas J. Miller
Attorney General of Iowa

s/Layne M. Lindebak
Layne M. Lindebak
Assistant Attorney General
Special Litigation Division
Iowa Department of Justice
Hoover Office Building-Second Floor
1305 East Walnut Street
Des Moines, Iowa 50319
Phone: 515 281-7054
Fax: 515 281-4902
Email: Layne.Lindebak@iowa.gov

**DOUGLAS F. GANSLER**
**MARYLAND ATTORNEY GENERAL**

s/Gary Honick
Ellen S. Cooper
Assistant Attorney General
Chief, Antitrust Division
Gary Honick
Assistant Attorney General
Office of the Attorney General
Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, Maryland 21202
Tel. # (410) 576-6470
Fax # (410) 576-7830

24

**STATE OF MICHIGAN**
**BILL SCHUETTE**
Attorney General

s/D.J. Pascoe
D.J. Pascoe (P54041)
Assistant Attorney General
Michigan Department of Attorney General
Corporate Oversight Division
Securities, Antitrust, and Business Section
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Street
Lansing, Michigan 48933
Telephone: (517) 373-1160
Fax: (517) 335-6755
pascoedl@michigan.gov

**STATE OF MISSOURI**
**CHRIS KOSTER**
Attorney General

s/Anne E. Schneider
ANNE E. SCHNEIDER
Assistant Attorney General/Antitrust Counsel
ANDREW M. HARTNETT
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
Tel: (573) 751-7445
Tel: (573) 751-2041 (facsimile)
E-Mail: Anne.Schneider@ago.mo.gov

**ATTORNEY GENERAL**
**OF THE STATE OF MONTANA**
Steve Bullock
Attorney General of Montana

s/Chuck Munson
Chuck Munson
Assistant Attorney General
Office of the Montana Attorney General
215 N. Sanders
Helena, MT 59601
(406) 444-2026
(406) 444-3549

25

**ATTORNEY GENERAL OF THE STATE OF NEBRASKA**
Jon Bruning
Attorney General of Nebraska

s/Leslie C. Levy
Leslie C. Levy (NE Bar# 20673)
Chief, Consumer Protection/Antitrust Division
Office of the Nebraska Attorney General
2115 State Capitol Building
Lincoln NE 68509
(402) 471-2811
(402) 471-2957 (fax)

**ATTORNEY GENERAL OF THE STATE OF NEW HAMPSHIRE**
Michael A. Delaney
Attorney General of New Hampshire

s/David A. Rienzo
David A. Rienzo (NH Bar# 13860)
Assistant Attorney General, Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301
(603) 271-7987
(603) 223-6239 (fax)

**ATTORNEY GENERAL OF THE STATE OF OHIO**
Michael DeWine
Attorney General of Ohio

Jennifer L. Pratt
Chief, Antitrust Section

s/Mitchell L. Gentile
Patrick E. O'Shaughnessy
Mitchell L. Gentile
Assistant Attorneys General
Office of the Ohio Attorney General
Antitrust Section
150 E. Gay Street, 23rd Floor
Columbus, Ohio 43215
(614) 466-4328

26

(614) 995-0266 (fax)
patrick.o'shaughnessy@ohioattorneygeneral.gov

**ATTORNEY GENERAL OF THE
STATE OF RHODE ISLAND**
Patrick C. Lynch
Attorney General
By His Attorney

s/Edmund F. Murray, Jr.
Edmund F. Murray, Jr. (RI Bar #3096)
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, Rhode Island 02906
(401) 274-4400
(401) 222-2995 (fax)

**STATE OF TENNESSEE
ROBERT E. COOPER, JR.**
Attorney General and Reporter

s/Victor J. Domen, Jr.
Victor J. Domen, Jr. (BPR# 015803)
Senior Counsel
Office of the Tennessee Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37202
(615) 532-5732
(615) 532-2910 (fax)
Vic.Domen@ag.tn.gov

**GREG ABBOTT
ATTORNEY GENERAL OF TEXAS**

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

JOHN T. PRUD'HOMME
Assistant Attorney General
Chief, Antitrust Division

s/Kim Van Winkle
KIM VAN WINKLE
Assistant Attorney General
State Bar No. 24003104

BRET FULKERSON
State Bar No. 24032209

Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
512/463-1266 (Telephone)
512/320-0975 (Facsimile)

**ATTORNEY GENERAL OF THE
STATE OF UTAH**
Mark L. Shurtleff
Attorney General of Utah

s/Ronald J. Ockey
Ronald J. Ockey (Utah State Bar #2441)
David N. Sonnenreich (Utah State Bar #4917)
Assistant Attorney General
Office of the Attorney General of Utah
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84111
(801) 366-0359
(801) 366-0315 (fax)
rockey@utah.gov (email)

**STATE OF VERMONT**

**WILLIAM H. SORRELL
ATTORNEY GENERAL**

s/William H. Sorrell
Sarah E.B. London
Assistant Attorney General
Public Protection Division
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609-1001
ph. (802) 828-5479
fax. (802) 828-2154
slondon@atg.state.vt.us

SO ORDERED:


_____                    Dated: _____, 2011
HON. RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE