UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA, STATE OF
CONNECTICUT, STATE OF IOWA, STATE OF
MARYLAND, STATE OF MICHIGAN, STATE OF
MISSOURI, STATE OF OHIO, STATE OF TEXAS,
STATE OF ILLINOIS, STATE OF TENNESSEE,
STATE OF MONTANA, STATE OF NEBRASKA,
STATE OF IDAHO, STATE OF VERMONT,
STATE OF UTAH, STATE OF ARIZONA, STATE
OF RHODE ISLAND, STATE OF HAWAII, and
STATE OF NEW HAMPSHIRE,

       Plaintiffs,

  -against-

AMERICAN EXPRESS COMPANY, AMERICAN
EXPRESS TRAVEL RELATED SERVICES
COMPANY, INC., MASTERCARD
INTERNATIONAL INCORPORATED, and VISA
INC.,

       Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4496 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiffs' motion for entry of final judgment on consent as to claims against Defendants MasterCard International Incorporated ("MasterCard") and Visa Inc. ("Visa"). (Docket Entry # 134.) Under 15 U.S.C. § 16(e), the court must determine whether the Proposed Final Judgment (Docket Entry # 4) is in the public interest. For the reasons set forth below, the court finds that the Proposed Final Judgment is in the public interest.

**I. BACKGROUND**

The United States of America and several states bring this action against Defendants, several credit card companies, for various violations of antitrust law under the Sherman Act, 15 U.S.C. § 1. (Am. Compl. (Docket Entry # 57).) Specifically, Plaintiffs allege that Defendants'

1

anti-steering rules—rules that prohibit merchants who accept Defendants' credit cards from offering customers a discount for using cash or a credit card that is less costly to the merchant, or even informing customers about Defendants' credit cards' transaction fees—illegally restrain trade in interstate commerce. (Id. ¶ 4.)

The United States originally filed its action on October 4, 2010. (Compl. (Docket Entry # 1).) The same day, it filed a notice of settlement and a Proposed Final Judgment as to MasterCard and Visa. (Docket Entry # 4-1; see also Proposed Judgment (Docket Entry # 134-2).) As required by the Tunney Act, 15 U.S.C. § 16, the United States published the Proposed Final Judgment in several newspapers—here, the Washington Post and the New York Post—as well as the Federal Register. 75 Fed. Reg. 62858-02 (Oct. 13, 2010); see also 15 U.S.C. § 16(b), (c). In those notices, the United States informed the public that, pursuant to the Tunney Act, it was soliciting public comments concerning the Proposed Final Judgment for sixty days. See 15 U.S.C. § 16(d). During the sixty-day period, the United States received six comments. (See Public'n Order (Docket Entry # 121).) It filed its Response to those comments on June 14, 2011. (Response (Docket Entry # 119-1)); see also 15 U.S.C. § 16(d). On June 20, 2011, the court excused the United States from publishing those comments and its Response in the Federal Register, but directed the United States to publish a notice in the Federal Register containing a permanent website address of where those comments and the United States' Response would be available. (Public'n Order at 2.) The United States filed a certificate of compliance with that order on July 14, 2011.[1] (Docket Entry # 133.) The court must now review the proposed judgment pursuant to 15 U.S.C. § 16(e).

---

[1] In its certification of compliance, the United States listed the permanent website as http://www.justice.gov/atr/cases/americanexpress.html. (Docket Entry # 133.)

2

## II. DISCUSSION

### A. The Tunney Act Standard

Where the United States seeks to enter into a settlement in a civil antitrust action, the Tunney Act requires the court to affirmatively approve the settlement only if it finds that the settlement serves the "public interest." Id. § 16(e). In making its public interest finding under 15 U.S.C. § 16(e)(1), the court must consider:

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

The court may consider public comments to the proposed consent judgment and the United States' response to those comments as evidence in making this determination. Id. § 16(f)(4). Nonetheless, a "district court's 'public interest' inquiry into the merits of the consent decree is a narrow one." Massachusetts v. Microsoft Corp., 373 F.3d 1199, 1236 (D.C. Cir. 2004). "In making this determination, 'the court is not permitted to reject the proposed remedies merely because the court believes other remedies are preferable. Rather, the relevant inquiry is whether there is a factual foundation for the government's decisions such that its conclusions regarding the proposed settlement are reasonable.'" United States v. Keyspan Corp., 763 F. Supp. 2d 633, 637-38 (S.D.N.Y. 2011) (quoting United States v. Abitibi-Consol. Inc., 584 F. Supp. 2d 162, 165 (D.D.C. 2008)) (internal alterations omitted).

3

## B. The Proposed Judgment

The substance of the proposed judgment requires Visa and MasterCard to alter their contracts with merchants, allowing merchants to offer discounts to consumers if they use alternate forms of payment, including other credit cards, and letting merchants inform consumers of the transaction costs experienced by merchants in processing credit card transactions. (Proposed Judgment at IV.A.) Visa's and MasterCard's current contracts with merchants allow merchants to offer a form-of-payment discount, but only if such a discount is "[c]learly disclosed as a discount from the standard price," and "[n]on-discriminatory, as between a Cardholder who pays with a Visa Card [or MasterCard] and a cardholder who pays with a 'comparable card.'" (Id. at V.B.) The Proposed Final Judgment removes this language from Visa's and MasterCard's merchant contracts and includes broad language allowing merchants to, among other things, offer the consumer an immediate discount for paying with an alternate credit card and inform consumers about Visa's and MasterCard's transaction fees. (Id.)

Six groups submitted public comments to the proposed judgment: this action's Class Plaintiffs (Class Pls.' Comment (Docket Entry # 119-2)); this action's Individual Merchant Plaintiffs (Indiv. Pls.' Comment (Docket Entry # 119-3)); Consumer World, a public service consumer education website (Consumer World Comment (Docket Entry # 119-4)); the Retail Industry Leaders Association ("RILA"), an association of America's largest retailers (RILA Comment (Docket Entry # 119-5)); Sears Holding Corp. (Sears Comment (Docket Entry # 119-6)); and a group of individual merchant Plaintiffs whose cases have been consolidated by the Judicial Panel on Multidistrict Litigation (the "JPML Plaintiffs") (JPML Pls.' Comment (Docket Entry # 119-7)).

The public comments are overwhelmingly positive if not enthusiastic. The Individual Merchant Plaintiffs "urge[] the Court to approve the proposed Final Judgments because we

4

believe that they are pro-competitive and in the public interest." (Indiv. Pls.' Comment at 1.) RILA "applauds the Antitrust Division's longstanding interest in the General Purpose Card network services market" and "welcomes the settlement reached by Plaintiffs . . . as it could help facilitate competition in the General Purpose Card market." (RILA Comment at 1.) Sears similarly "applauds the DOJ (and the participating Plaintiff Attorneys General) for their willingness to engage on these issues and work to remove some of the anti-competitive rules that VISA and MasterCard have imposed on merchants."[2] (Sears Comment at 2.)

The remaining commenters were lukewarm. The JPML Plaintiffs state that they "believe that the Proposed Final Judgment is procompetitive and furthers the public interest as required by the Tunney Act. . . . [but] may prove to be insufficient to remedy the harm to competition and market power that has resulted from the conduct of Visa, MasterCard, and their member banks over at least the last 30 years." (JPML Pls.' Comment at 3.) Consumer World does not disapprove of the Proposed Final Judgment but expresses concern over whether potential discounts would, in effect, become surcharges relative to items paid with more expensive forms of payment. (Consumer World Comment at 4.) Similarly, the Class Plaintiffs' only comment was in the form of a question concerning whether Visa's and MasterCard's anti-steering rules are

---

[2] Sears also raised several concerns over whether the proposed consent judgment would require Visa and MasterCard to identify, at the point of sale, which type of card, e.g., credit or debit, or "cash-back" or "reward points," the consumer wishes to use. (Sears Comment at 2-3.) As the United States has correctly pointed out in its Response, these concerns are "beyond the scope of the case" insofar as the "[t]he Amended Complaint alleges violations relating only to the General Purpose Card product market, a market that does not include debit cards." (Response at 25.) To the extent Sears's Comment seeks clarification on this issue as pertaining solely to the credit card market, the court notes that such concerns may be coextensive with the claims raised in Visa's and MasterCard's previous "honor all cards" litigation. See In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig., 562 F. Supp. 2d 392 (E.D.N.Y. 2008) (Gleeson, J.); In re Visa Check/Mastermoney Antitrust Litig., 297 F. Supp. 2d 503 (E.D.N.Y. 2003) (Gleeson, J.).

coextensive, for antitrust purposes, with Visa's and MasterCard's "no-surcharge rules."[3] (Class Pls.' Comment at 1.)

All of these concerns, however, simply "make[] the observation, which is applicable to all settlements, that there is some uncertainty about the future impact and effectiveness of any proposed relief." (Response at 28.) But, as expressed by the United States, "[t]he proposed Final Judgment is not measured by how it resolves all of the concerns" raised by the Proposed Judgment but "whether the relief resolves the violation identified in the Amended Complaint in a manner that is within the reaches of the public interest." (Id.); see also Keyspan Corp., 763 F. Supp. 2d at 637-38. And it appears that the proposed judgment does just that. The Amended Complaint in this action simply alleges that Defendants' anti-steering practices illegally restrained trade. (Am. Compl. ¶ 4.) The Proposed Final Judgment, meanwhile, broadly prohibits Visa and MasterCard from any anti-steering practice with respect to alternate forms of payment (Proposed Judgment at IV.A, D), and affirmatively requires Visa and MasterCard to alter their contracts with merchants to effectuate true anti-anti-steering practices—even going so far as to supply the exact contract language Visa and MasterCard must use in this regard (id. at V.B, C). The proposed judgment also requires Visa and MasterCard to inform participating merchants about these changes, and to file notices of compliance with, and open themselves for inspection to the U.S. Department of Justice. (Id. at V.E, VI.)

While it is true that some of the public comments have raised potential concerns about the practical effects of the Judgment in the marketplace, it is safe to say that *not one* has expressed disapproval of the Proposed Final Judgment itself. Indeed, the issues raised by Class Plaintiffs and Consumer World—that one credit card company's "discount" is another's

---

[3] The "no-surcharge rules" prohibited merchants from charging consumers a "surcharge" above the normal price of a good for using a Visa or MasterCard.

"surcharge"—may arise in the future, but these are issues for another day. The United States has demonstrated, and no public comment substantively contests, that the Proposed Final Judgment furthers the public interest by removing the anticompetitive impact of Visa's and MasterCard's anti-steering rules, see 15 U.S.C. § 16(e)(1)(A), and alleviates the public's "specific injury from the violations set forth in the complaint," see id. § 16(e)(1)(B). As such, the court finds that the public interest is best served by approving the proposed final judgment between Plaintiffs and Visa and MasterCard. The court will sign the Proposed Final Judgment separately.

### C. Entry of Final Judgment Under Federal Rule of Civil Procedure 54

Federal Rule of Civil Procedure 54(b) provides that in an action where "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The principal concern against doing so is the "historic federal policy against piecemeal appeals." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). As a general matter though, parties waive their right to appeal judgments on consent. New York ex rel. Vacco v. Operation Rescue Nat'l, 80 F.3d 64, 69 (2d Cir. 1996) (citing Nashville, C. & St. Louis Ry. v. United States, 113 U.S. 261, 266 (1885)). Here, because the final judgment to be entered is a judgment on consent, Visa and MasterCard will have effectively waived their right to appeal, thus obviating any possibility of piecemeal appeals. Further, judicial efficiencies would be better served in this litigation by entering judgment sooner rather than later so the court—and the parties—can continue to focus on Plaintiffs' claims against the remaining American Express Defendants. Therefore, the court directs the Clerk of Court to enter final judgment against Visa and MasterCard after the court approves the Proposed Final Judgment.

## III. CONCLUSION

The court FINDS that the Proposed Final Judgment is in public interest pursuant to 15 U.S.C. § 16(e). The court will approve the Proposed Final Judgment separately. The court also FINDS, under Federal Rule of Civil Procedure 54(b), that there is no just reason for delay in entry of the final judgment against Defendants MasterCard International Incorporated and Visa Inc., and directs the Clerk of Court to enter final judgment against these Defendants after the court has approved the Proposed Final Judgment.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 20, 2011

NICHOLAS G. GARAUFIS
United States District Judge