UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   UNITED STATES OF AMERICA, et al.,

                               Plaintiffs,                         **SCHEDULING ORDER**

           -against-                                   10-CV-4496 (NGG) (RER)

   AMERICAN EXPRESS COMPANY and
   AMERICAN EXPRESS TRAVEL RELATED
   SERVICES COMPANY, INC.,

                               Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Concurrently with this Scheduling Order, the court has issued its Decision in the above-captioned matter finding Defendants liable under Section 1 of the Sherman Act. As set forth in far greater detail in the Decision, American Express's Non-Discrimination Provisions ("NDPs") constitute unreasonable restraints on trade due to their anti-competitive effect on interbrand competition in the general purpose credit and charge card network services market.

      Plaintiffs are entitled to appropriate relief, and those elements of Defendants' NDPs challenged in this case must be eliminated or modified in such a way as to comport with the federal antitrust laws. The court recognizes, however, that Defendants have a business interest in preserving a positive point-of-sale experience for their cardholders, and protecting their products from actual mistreatment, mischaracterization, or denigration by merchants. Rendering American Express's merchant regulations compliant with the Sherman Act, therefore, may not require their wholesale abandonment. Rather, the court is confident that there exists a middle ground that strikes the appropriate balance between American Express's legitimate interests as a

going concern and the public interest, as protected by the federal antitrust laws and effectively vindicated by the Department of Justice and state attorneys general in this case.

Throughout this litigation, the court has encouraged the parties to explore settlement rather than rely on the court to intervene in a highly complex and high-stakes industry. It notes again here that the parties themselves are likely best equipped to determine how American Express's merchant regulations might be rewritten so as to satisfy American Express's interests and yet comport with the Sherman Act. Fashioning appropriate relief in this case will require certain of the provisions in the NDPs to be excised entirely. It may be possible, however, for other challenged clauses to be revised, amended, or recharacterized in such a way that considers the interests of both Plaintiffs and Defendants.

Therefore, so that final judgment can be timely entered in this case, the court DIRECTS the parties to submit a joint, Proposed Remedial Order for the court's review that is consistent with the analysis set forth in the Decision. The proposed injunction shall be filed within thirty (30) days of the date of entry of this Scheduling Order and shall be accompanied by a joint memorandum addressing why the Proposed Remedial Order is appropriate in this case. The parties' participation in negotiating and proposing an appropriate remedy shall not prejudice or waive any of their rights, including their rights to present arguments on appeal.

To the extent the parties are unable to agree on a Proposed Remedial Order—and the court sincerely hopes they are able to agree—they shall file a joint submission indicating where the parties are in agreement and where the parties are not in agreement, and each party shall file a supporting memorandum explaining why the court should adopt its proposed remedy. If necessary, the court will itself craft an injunction that implements the Decision and renders American Express's contractual provisions compliant with the antitrust laws.

SO ORDERED.

Dated: Brooklyn, New York
       February 19, 2015

s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge