UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, et al.,
        Plaintiffs,

v.

AMERICAN EXPRESS CO., et al.,
        Defendants.

No. 10-CV-04496 (NGG) (RER)
ECF Case

**STIPULATION AND [PROPOSED] ORDER**

       WHEREAS, Plaintiffs filed an Amended Complaint in the above-captioned action against American Express Company and American Express Travel Related Services Company, Inc. (collectively "American Express") on December 21, 2010, alleging that certain provisions in American Express's merchant agreements (the "NDPs") violate Section 1 of the Sherman Act;

       WHEREAS, the seventeen (17) plaintiff states of Arizona, Connecticut, Idaho, Illinois, Iowa, Maryland, Michigan, Missouri, Montana, Nebraska, New Hampshire, Ohio, Rhode Island, Tennessee, Texas, Utah, and Vermont (collectively "Plaintiff States") requested reasonable attorneys' fees and costs as part of the prayer for relief in the Amended Complaint;

       WHEREAS, on February 19, 2015, following a bench trial, the District Court issued a Decision finding that certain aspects of the NDPs violate Section 1 of the Sherman Act (Dkt. 619);

       WHEREAS, on April 30, 2015, the District Court issued a Judgment in favor of the United States and the Plaintiff States (Dkt. 640) (the "Final Judgment");

       WHEREAS, American Express will be appealing the Final Judgment;

WHEREAS, if the Final Judgment is not reversed or modified following any and all appeals, the Plaintiff States will be substantially prevailing parties and, pursuant to 15 U.S.C. § 26, will be entitled to reasonable attorneys' fees and costs;

WHEREAS, the Plaintiff States and American Express have met and conferred on the issue of the Plaintiff States' attorneys' fees and costs and have come to an agreement on a proposed Stipulation concerning reimbursement for the Plaintiff States' reasonable attorneys' fees and costs in this action; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Plaintiff States and American Express, through their undersigned counsel, that:

1. If, after all appeals of the Final Judgment are exhausted, the Final Judgment has not been reversed or modified, the Plaintiff States will have substantially prevailed under § 16 of the Clayton Act, 15 U.S.C. § 26.  In that event, American Express shall pay the total sum of $3,650,000 to the Plaintiff States for their attorneys' fees and $180,000 for costs related to the investigation and litigation of the present matter (the "Settlement Amount").  Payment of the Settlement Amount shall be made as directed by the Plaintiff States within sixty (60) days after all appeals of the Final Judgment are exhausted.

2. If the Final Judgment is not reversed or modified following the exhaustion of all appeals, payment of the Settlement Amount shall constitute the full and complete resolution of any and all claims the Plaintiff States may have to reimbursement of any fees and costs in this action under 15 U.S.C. § 26, including but not limited to any attorneys' fees or costs incurred by the Plaintiff States after the date of this Stipulation.  To the extent the Final Judgment is modified, but not reversed, after the exhaustion of all appeals, and American Express agrees that the Plaintiff States remain substantially prevailing parties following such modification, American

Express will pay the Settlement Amount as directed by the Plaintiff States within sixty (60) days of such agreement in full satisfaction of all claims of the Plaintiff States to fees and costs related to the above-entitled action.  If the Final Judgment is modified and American Express takes the position that the Plaintiff States are no longer substantially prevailing parties, then American Express agrees that the Plaintiff States may seek a final determination from the Court that the Plaintiff States are substantially prevailing parties and, therefore, are entitled to the Settlement Amount.

3. Upon receipt of the Settlement Amount, the Plaintiff States will fully and forever release and discharge any and all claims against American Express and its respective past, present, and future, direct and indirect, parents (including holding companies), subsidiaries, affiliates, and associates and  each of their respective past, present, and future principals, trustees, partners, officers, directors, employees, agents, attorneys, legal or other representatives, trustees, heirs, executors, administrators, shareholders, advisors, predecessors, successors, purchasers, and assigns for attorneys' fees and costs incurred by the Plaintiff States in connection with the above-entitled action.

4. In the event the Final Judgment is reversed, this Stipulation and all obligations of American Express pursuant to this Stipulation shall be null and void.

5. The Plaintiff States shall have the sole right to determine the allocation among themselves of the Settlement Amount.[1]  However, the Settlement Amount shall be apportioned and used for one or more of the following purposes by the respective Attorneys General, (a) payment of attorneys' fees and expenses; (b) antitrust or consumer protection law enforcement; (c) to cover

---

[1] All funds allocated to the State of New Hampshire shall be deposited into the New Hampshire Consumer Escrow Account to be used for future consumer protection enforcement and consumer education purposes.

additional expenses relating to this litigation and any related litigation; (d) for deposit into a state antitrust or consumer protection account (e.g., revolving account, trust account), for use in accordance with the state laws governing that account; (e) for deposit into a fund exclusively dedicated to assisting state attorneys general defray the costs of experts, economists and consultants in multistate antitrust investigations and litigation; or (f) for such other purpose as the Attorneys General deem appropriate, consistent with the various states' laws.

Dated:  May 13, 2015

        CRAVATH, SWAINE & MOORE LLP,
        By

        /s/
        Evan R. Chesler
        Peter T. Barbour
        Kevin J. Orsini

        825 Eighth Avenue
        New York, NY 10019
        (212) 474-1000

        Counsel for Defendants American Express Company and American Express Travel Related Services Company, Inc.

Dated:  May 13, 2015

        BOIES, SCHILLER & FLEXNER LLP,
        By

        /s/
        Donald L. Flexner
        Philip C. Korologos
        Eric J. Brenner

        575 Lexington Avenue
        New York, NY 10022
        (212) 446-2300

        Counsel for Defendants American Express Company and American Express Travel Related Services Company, Inc.

Dated:  May 13, 2015

                          PLAINTIFF STATES,
                          By:

                          /s/
                          Mitchell L. Gentile

                          Office of the Ohio Attorney General
                          150 East Gay Street, 23rd Floor
                          Columbus, OH  43215
                          (614) 466-4328

                          Counsel for the State of Ohio and on behalf of all
                          Plaintiff States

SO ORDERED
Dated:  _____, 2015


_____
      Judge Nicholas G. Garaufis
  United States District Court Judge